UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE M. HOLLY,

       Plaintiff,

v.                                      Case No. 05-74238
                                      Hon. Sean F. Cox

CITY OF ECORSE, and
CURTIS BROWN

          Defendants.

_____

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Partial Motion for summary judgment and Defendants' Motion for summary judgment. The parties have fully briefed the issues and the Court heard oral argument on September 20, 2006. For the following reasons, the Court grants in part, and denies in part, both Motions.

## I.  BACKGROUND

This action arises out of the enforcement of a zoning ordinance. Sometime prior to 1982, Plaintiff, George Holly, purchased the residence located at 4658 8th Street in Ecorse, Michigan. In 1982, the Ecorse zoning department enacted an ordinance that rendered Plaintiff's use of his property a nonconforming use because the back edge of the home is too close to the alley.

On May 13, 1998, Plaintiff sold the property to Michael Fox ("Fox") on a land contract. Fox rented the property until November 2003. Unable to make payments, Fox forfeited the property back to Plaintiff on March 27, 2004. The property remained vacant.

1

On May 5, 2004, Defendant City of Ecorse posted a notice on the property preventing anyone from occupying or repairing the property pursuant to the City of Ecorse zoning ordinance, Article XIV §1402(e):

> (5)  When a nonconforming use of a structure, or structure and premises in combination is discontinued or ceases to exist for a period of six (6) consecutive months or for a period of eighteen (18) months during any three (3) year period, the structure, or structure and premises in combination shall not thereafter be used except in conformance with the regulations of the district in which it is located. Structures occupied by seasonal uses are exempt from this provision;

> (6) Where nonconforming use status applies to a structure and premises in combination, removal or destruction of the structure shall eliminate the nonconforming status of the land.

Plaintiff applied for a zoning variance that would allow him to resume the nonconforming use of the property on February 11, 2005.  He was conditionally granted a variance, but it was later revoked when Plaintiff failed to post the required bond and it was discovered the applicable zoning code provisions were not met.

Defendant Curtis Brown ("Brown"), the Zoning Board Commissioner, indicated via letter to the Ecorse Zoning Board that based on an affidavit from a neighbor, Plaintiff may have lied about the length of time the property was vacant in order to obtain the variance.  It is this action that forms the basis of Plaintiff's libel claim against Brown.

Plaintiff did not appeal the denial of the variance.  Rather, on November 4, 2005, Plaintiff filed a two count Complaint alleging: (1) violation of 42 USC §1983 based on procedural due process; and (2) libel.  Plaintiff seeks a declaratory judgment ruling the zoning ordinance is void. He also seeks damages and attorney fees.

On June 9, 2006, Plaintiff filed a Motion for partial summary judgment on his procedural due process claim.  Defendants filed a Motion for summary judgment on all claims on June 12,

2

2006.  The Court heard oral argument on September 20, 2006.

## II.   STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties."  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).  The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

## III.   ANALYSIS

### A.   Validity of the Zoning Ordinance

In his Motion, Plaintiff argues the zoning ordinance, Article XIV §1402(e), is invalid because it is: (1) contrary to the power conferred upon the City by the State of Michigan; (2) defective because it does not explicitly require an intent to discontinue the use of the property as required by Michigan Supreme Court precedent; and, (3) defective because it does not require pre or post deprivation hearings by its terms.

### 1.   Is the ordinance contrary to the power conferred by the State?

Plaintiff argues that Defendant City did not have the authority to terminate a

3

nonconforming use based on vacancy.  He relies on MCL §125.583a:

> (1) The lawful use of land or a structure exactly as the land or structure existed at the time of the enactment of the ordinance affecting that land or structure, may be continued, except as otherwise provided in this act, although that use or structure does not conform with the ordinance.
>
> (2) The legislative body may provide by ordinance for the resumption, restoration, reconstruction, extension, or substitution of nonconforming uses or structures upon terms and conditions provided in the ordinance...
>
> (3) In addition to the power granted in this section, a city or village may acquire by purchase, condemnation, or otherwise, private property or an interest in private property for the removal of nonconforming uses and structures, except the property shall not be used for public housing...

Plaintiff's assertion requires the Court to interpret MCL §125.583a to determine if it authorizes the City to terminate a nonconforming use if the use is discontinued or ceases to exist, as provided in the ordinance.  Subsection 2 of MCL §125.583a authorizes the City to enact an ordinance for the "resumption, restoration, reconstruction, extension, or substitution of nonconforming uses or structures upon terms and conditions provided in the ordinance."

Plaintiff cites *DeMull v. City of Lowell*, 368 Mich. 242 (1962), for the proposition that a zoning ordinance may not destroy a nonconforming use by a time limitation.  In *DeMull*, the Court held the portion of a zoning ordinance that terminated nonconforming uses within three years of the ordinance's effective date was invalid because it was enacted without authority. However, *DeMull* is easily distinguishable from this case.  The ordinance at issue here does not set forth time limits on how long a nonconforming use may exist.  Instead, it holds that any nonconforming use, regardless of the length of its existence, is terminated when it is discontinued or ceases to exist for a specified period of time.

It is undisputed that under Michigan law, zoning ordinances are authorized to terminate

nonconforming uses where the use was abandoned.  See *Livonia Hotel, LLC v. City of Livonia*, 259 Mich.App. 116 (Mich.App. 2003); *Dusdal v. City of Warren*, 387 Mich. 354 (1972); and *Rudnik v. Mayers*, 387 Mich. 379 (1972).

The term "discontinued" as used in Article XIV §1402(e) means "abandoned."  See *Rudnik*, 387 Mich. at 384 (citing 18 A.L.R.2d 725 §3, p.729)("In interpreting the term 'discontinued' the courts take a very liberal attitude toward the restrictive nature of the provisions in zoning regulations dealing with the resumption of nonconforming uses and hold that the word 'discontinued' is synonymous with 'abandoned.'").  In *Rudnik*, the Court held that a zoning ordinance, which allowed the termination of a nonconforming use "through vacancy, lack of operation or otherwise," required evidence of an intent to abandon.  Similarly, Article XIV §1402(e) requires that the use be discontinued or cease to exist in order to terminate a nonconforming use, and therefore, requires a finding of intent to abandon.

Michigan courts have ruled that zoning ordinances such as these are authorized.[1]  See *Livonia Hotels* and *Rudnik*, *supra*.

### 2.      Is the ordinance defective because it does not require intent?

Plaintiff also contends the ordinance is invalid because it does not specifically require an intent to discontinue use prior to enforcement.  Plaintiff relies on *Livonia Hotel,* 259 Mich.App. 116, which reiterates Michigan Supreme Court cases that held that in the context of zoning law a finding of abandonment requires a showing of intent.  However, the court in *Livonia Hotel* did not invalidate the ordinance, it merely held that the district court was incorrect in finding a violation without evidence of intent to abandon.  Article XIV §1402(e) does not have to

---

[1]The Court is not ruling on whether the deprivation was *justified in this case*.

specifically require a finding of intent by its terms in order to be valid. *Livonia Hotel* only

requires that there be a *finding* of intent, not an explicit requirement written into the ordinance.

### 3.      Is the ordinance defective because it does not require hearings?

Undoubtedly, an ordinance is not invalid because its language does not include the

procedural requirements that must be followed in its enforcement. Plaintiff does not cite any

authority that supports his claim.

### B.      Due Process Claim

The Fourteenth Amendment holds, in pertinent part, "[n]o State shall deprive any person

of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, §1.

"Procedural due process generally requires that the state provide a person with notice and an

opportunity to be heard before depriving that person of a property or liberty interest."

*Brentwood Academy v. Tennessee Secondary School Athletic Association*, 442 F.3d 410, 433 (6th

Cir. 2006).

There are two steps in a procedural due process analysis. The first step is to determine if

the plaintiff was deprived of a protected property or liberty interest. *Id*. The second step is to

determine whether the deprivation of the property interest contravened notions of due process.

*Id*. In order to decide if the deprivation violated due process, the court must determine what

process is due the plaintiff. "To determine exactly what procedures are necessary to protect a

particular property interest, courts balance the government's interest against the private interest

involved." *Chernin v. Welchans*, 844 F.2d 322, 325 (6th Cir. 1988)(citing *Mathews v. Eldridge*,

424 U.S. 319, 334 (1976)).

In this case, Plaintiff had a protected property interest because he had an ownership

interest in the residence at the time of the deprivation.  See *Richardson v. Township of Brady*,

218 F.3d 508, 517 n.5 (6th Cir. 2000)(fee simple ownership is undoubtedly sufficient to support a

procedural due process claim); and *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1218 n.29

(6th Cir. 1992)(Sixth Circuit has implicitly recognized that mere ownership of property subjected

to zoning is a property interest sufficient to invoke due process).

"When a plaintiff has a protected property interest, a predeprivation hearing of some sort

is generally required to satisfy the dictates of due process."  *Leary v. Daeschner*, 228 F.3d 729,

742 (6th Cir. 2000)(citing *Cleveland Board of Ed. v. Loudermill*, 470 U.S. 532, 542 (1985)).

Defendants concede that "lawful property owners are at least entitled to minimal due process."

[Defendants' Response, p.6].

It is not necessary for the Court to decide the extent of the process that was due Plaintiff

under these circumstances in order to determine if his due process rights were violated because

Plaintiff was not given any due process at all.  Defendant conceded during oral argument that

Plaintiff did not receive notice or a hearing prior to deprivation.

Defendants do not offer any evidence that Plaintiff was a afforded a hearing after the

decision was made to terminate his nonconforming use either.  Defendants note that there is a

procedure to apply for a variance, but this does not qualify as a hearing for purposes of due

process.  The variance procedure does not provide an opportunity to object to the deprivation.

The purpose of a due process hearing is to prevent erroneous deprivation, applying for variance

does not alter the decision on the deprivation, it only offers an opportunity to regain the property

interest through another means.

Moreover, in *Nasierowski Brothers Investment Company v. City of Sterling Heights*, 949

7

F.2d 890 (6th Cir. 1991), the court held that a plaintiff is not required to seek a variance before bringing a procedural due process claim. This supports the finding that a variance procedure does not count as a postdeprivation hearing for procedural due process purposes.

Defendants fail to create a genuine issue of material fact on whether Plaintiff's procedural due process rights were violated because they do not offer any evidence that Plaintiff did not have a property interest at the time of the deprivation; that appropriate notice was given; or that a hearing was held.

Accordingly, Plaintiff is entitled to summary judgment on his procedural due process claim.[2]

### C.    Libel Claim

Brown is immune from a claim of libel pursuant to MCL §691.1407(2). Plaintiff does not offer any evidence that Brown was not acting within the scope of his authority when he informed the Ecorse Zoning Board that Plaintiff potentially lied about the status of the residence. Plaintiff also fails to offer any evidence that any exceptions to governmental immunity apply.

### IV.    CONCLUSION

For the foregoing reasons, the Court grants in part, and denies in part, Plaintiff's Motion for partial summary judgment. Plaintiff is entitled to summary judgment on his §1983 claim for violation of procedural due process, but is not entitled to summary judgment on the issue of the validity of Article XIV §1402(e). The Court grants in part, and denies in part, Defendants' Motion for summary judgment. Defendant City of Ecorse is not entitled to summary judgment

---

[2]Defendants argue in their Motion for summary judgment that the City is entitled to governmental immunity from Plaintiff's due process claim. Defendants argument is without authority.

8

on Plaintiff's procedural due process claim, but is entitled to summary judgment regarding the

validity of Article XIV §1402(e).  Defendant Curtis Brown is entitled to summary judgment on

the claim of libel.

The parties will proceed on the issue of damages.

**IT IS SO ORDERED.**


**S/Sean F. Cox**
**Sean F. Cox**
**United States District Judge**

**Dated:  September 22, 2006**

**I hereby certify that a copy of the foregoing document was served upon counsel of record**
**on September 22, 2006, by electronic and/or ordinary mail.**

**S/Jennifer Hernandez**
**Case Manager**