UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE M. HOLLY,

       Plaintiff,

v.
                                     Case No. 05-74238
                                     Hon. Sean F. Cox

CITY OF ECORSE,

       Defendant.

_____

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came before the Court for a non-jury trial. The parties agree that the only issue for trial was damages.

Plaintiff brought his claim under 42 USC §1983. Therefore, jurisdiction is established under 28 USC §1331. Trial was conducted on November 2, 2006 and November 3, 2006.

### I.    FINDINGS OF FACT

**A.    Background**

1.    Plaintiff purchased a home located at 4658 8th Street, Ecorse, Michigan in May 1998.

2.    On the same property, Plaintiff owns a four unit apartment building located at 282 Mill Street, Ecorse, Michigan.

3.    The 8th Street home and the Mill Street unit are rental properties, Plaintiff has never resided at either location.

4.    On May 17, 1998, Plaintiff deeded the 8th Street and Mill Street properties to Michael Fox

("Fox") on a land contract.

5.      Fox rented the 8th Street home for $500.00 per month.

6.      The tenant at the 8th Street home vacated in November 2003.

7.      On March 27, 2004, Fox deeded the 8th Street and Mill Street properties back to Plaintiff.

8.      On April 15, 2004, Plaintiff entered into a lease agreement with Charles Johnson ("Johnson") for the 8th Street property at a rate of $500.00 per month.

9.      The 8th Street property was not rentable at that time and needed repairs, including rebuilding of the front porch.

10.      Plaintiff did not have a valid certificate of occupancy when he got the 8th Street property back from Fox, or when he leased the home to Johnson.

11.      Plaintiff hired contractors to repair the front porch.

12.      Plaintiff did not obtain the necessary permits prior to beginning work on the porch.

13.      On May 5, 2004, Plaintiff paid Defendant to conduct an inspection on the 8th Street and Mill Street properties in order to obtain certificates of occupancy.

14.      The inspection was scheduled to take place on May 20, 2004.

15.      On approximately May 5, 2004, the City of Ecorse "tagged" the 8th Street property, which caused the contractors to stop work.

16.      The tag indicated that occupancy was prohibited until a certificate of occupancy was obtained.

17.      Plaintiff was also informed he needed permits to continue the work on the porch.

18.      On May 20, 2004, an inspection was performed on the Mill Street property, but not on the 8th Street property because it was tagged.

2

19.     Plaintiff, along with Johnson, met with Mayor Larry Salisbury shortly after the 8th Street property was tagged.

20.     Mayor Salisbury told Plaintiff he should tear the 8th Street home down because it was a non-conforming structure and he had "made enough money on it already."

21.     On June 4, 2004, counsel for Plaintiff sent a letter to Mayor Salisbury asking under what authority Mayor Salisbury told Plaintiff he must tear down the 8th Street home.

22.     Mayor Salisbury replied to the letter of Plaintiff's counsel on June 15, 2004, stating that the 8th Street home was a non-conforming structure pursuant to City of Ecorse zoning ordinances because it was too close to the alley.

23.     On February 11, 2005, Plaintiff filed an application with the Zoning Board of Appeals for a variance.

24.     Pursuant to Plaintiff's variance application, an inspection of the 8th Street home was conducted on May 12, 2005.

25.     The inspection report indicated several repairs were necessary to bring the home up to the housing code.

26.     On May 19, 2005, the City of Ecorse Zoning Board of Appeals voted to allow Plaintiff to get a performance bond and continue repairs on the 8th Street property.

27.     On May 25, 2005, Zoning Board Commissioner Curtis Brown wrote a letter to the Chairman of the Zoning Board which stated that the approval of the bond for repairs of the 8th Street property was granted because the property was not vacant for 6 months continuously as is required by the zoning ordinance to terminate a non-conforming use. However, Brown felt that the property was actually vacant for over 6 months

3

continuously and believed Plaintiff submitted fraudulent evidence.  Brown relied on the statements of Ray Broome, who lived on 9th Street, Ecorse, Michigan.

28.   Brown asked for a reconsideration of the Zoning Board's grant of a variance.

29.   On June 16, 2005, the City of Ecorse Zoning Board, by request of Plaintiff, agreed to table the vote on whether to reconsider the grant of a variance to Plaintiff.

30.   On July 21, 2005, the City of Ecorse Zoning Board voted to reconsider the grant of a variance.  Brown then made a motion for a resolution denying repairs on the 8th Street property.  The resolution was passed.

31.   On November 4, 2005, Plaintiff filed an action with this Court.

### B.   Plaintiff's Damages

32.   Plaintiff seeks lost rent from April 15, 2004 through October 2006 at a rate of $500.00 per month - totaling $15,500.00.

33.   Plaintiff seeks $1,096.00 in costs for the variance application fee; filing fees; subpoenas; transcripts; and depositions.

34.   Plaintiff seeks $705.00 for the cost of additional insurance necessitated because the property was vacant.

35.   Plaintiff seeks $7,500.00 in attorney fees.

36.   The total amount of compensatory damages sought by Plaintiff is $24,801.00

37.   Plaintiff also seeks $37,500.00 in punitive damages.

### II.   CONCLUSIONS OF LAW

38.   42 USC §1983 states in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected,

any citizen...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

39.    "To state a cause of action under §1983, a plaintiff must allege the deprivation of a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law."  *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).

40.    The Fourteenth Amendment holds, in pertinent part, "[n]o State shall deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, §1. "Procedural due process generally requires that the state provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest." *Brentwood Academy v. Tennessee Secondary School Athletic Association*, 442 F.3d 410, 433 (6th Cir. 2006).

41.    As a result of Cross Motions for summary judgment, the Court ruled on September 22, 2006 that Defendant violated Plaintiff's due process rights when, without notice or hearing, Defendant found Plaintiff in violation of City of Ecorse zoning ordinance, Article XIV §1402(e):

(5)  When a nonconforming use of a structure, or structure and premises in combination is discontinued or ceases to exist for a period of six (6) consecutive months or for a period of eighteen (18) months during any three (3) year period, the structure, or structure and premises in combination shall not thereafter be used except in conformance with the regulations of the district in which it is located. Structures occupied by seasonal uses are exempt from this provision;

(6) Where nonconforming use status applies to a structure and premises in combination, removal or destruction of the structure shall eliminate the nonconforming status of the land.

42.   "[T]he basic purpose of a §1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992). "For this reason, no compensatory damages may be awarded in a §1983 suit absent proof of actual injury." *Id*.

43.   However, even without proof of actual injury, the court is obligated to award nominal damages when a plaintiff establishes a violation of his right to procedural due process. *Farrar*, 506 U.S. at 112.

44.   "[I]n cases where the deprivation would have occurred anyway, and the lack of due process did not itself cause any injury (such as emotional distress), the plaintiff may recover only nominal damages." *Zinermon v. Burch*, 494 U.S. 113, 126 n.11 (1990) (citing *Carey v. Piphus*, 435 U.S. 247, 264, 266 (1978)).

45.   Defendant asserted the ordinance violation based on its belief that Plaintiff discontinued his use of the 8th Street property for a continuous 6 month period, as evidenced by the Zoning Board transcripts.

46.   Plaintiff failed to establish by a preponderance of the evidence that if he had received notice or a hearing before the 8th Street property was tagged, the deprivation would not have occurred, *i.e.* Defendant would not have prevented his use of the property.

### III.   DAMAGES

47.   Plaintiff requests compensatory and punitive damages.

48.   In §1983 actions, the amount of compensatory and punitive damages to be awarded "is left to the discretion and good judgment of the fact finder as guided by the facts of the particular case." *Smith v. Heath*, 691 F.2d 220, 226 (6th Cir. 1982).

**A.     Compensatory Damages**

49.    Plaintiff did not establish any actual injury due to the lack of procedural due process.  The

    injuries asserted by Plaintiff are due to the deprivation itself.

50.    Plaintiff failed to introduce evidence that the deprivation would not have occurred if he

    had received notice or a hearing prior to Defendant's decision to enforce Article XIV

    §1402(e) against him.  See *Farrar* and *Zinermon, supra*.

51.    Plaintiff is entitled to nominal damages in the amount of $1.00.

**B.     Punitive Damages**

52.    Punitive damages are appropriate under §1983 "when the defendant's conduct is shown

    to be motivated by evil motive or intent, or when it involves reckless or callous

    indifference to the federally protected rights of others."  *Smith v. Wade*, 461 U.S. 30, 56

    (1983).  See also *Hill v. Marshall*, 962 F.2d 1209, 1217 (6th Cir. 1992).  The Sixth Circuit

    "has phrased the standard for defendant's conduct to warrant punitive damages as grossly

    negligent, intentional, or malicious."  *Hill*, 962 F.2d at 1217.

53.    Plaintiff is not entitled to punitive damages.

**C.     Attorney Fees**

54.    In 42 USC §1988, Congress provides for the award of attorney fees to prevailing parties

    in §1983 cases.  See *Pouillion v. Little*, 326 F.3d 713, 716 (6th Cir. 2003).

55.    "[A] plaintiff who wins nominal damages is a prevailing party under §1988."  *Farrar*,

    506 U.S. at 112.

56.    "Although the technical nature of a nominal damages award does not disqualify a plaintiff

    from prevailing party status, it does bear on the reasonableness of any attorney's fees

award...[t]he most critical factor in determining the reasonableness of an attorney's fees

award is the degree of success obtained." *Pouillon*, 326 F.3d at 716.

57.     While Plaintiff only won nominal damages, he still had a high degree of success on his

claim. Plaintiff not only withstood Defendant's Motion for summary judgment, but also

prevailed on his own. Thus, the only issue at trial was damages.

58.     The Court finds Plaintiff is entitled to reasonable attorney's fees pursuant to §1988.

59.     Counsel for Plaintiff is to submit a detailed petition for reasonable attorney's fees.

## IV.    CONCLUSION

These are the Findings of Fact and Conclusions of Law. An appropriate Judgment will be

entered pending resolution of Plaintiff's petition for attorney's fees.

**IT IS ORDERED** that:

(1) By November 27, 2006, Plaintiff shall file a petition for attorney's fees[1];

(2) By December 4, 2006, Defendant may file a brief of no more than 5 pages in response

to Plaintiff's petition.

(3) By December 8, 2006, Plaintiff may file a reply brief of no more than 2 pages in reply

to Defendant's response brief.

S/Sean F. Cox
**Sean F. Cox**
Dated: November 17, 2006              United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on
November 17, 2006, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

---

[1]Plaintiff's Trial Exhibits 4 and 5 are insufficient. See *Reed v. Rhodes,* 179 F.3d 453, 472
(6th Cir. 1999).